UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE REYNOLDS,

        Plaintiff,                           Case Number 08-10039
                                                Honorable David M. Lawson
v.                                                 Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING MATTER TO THE COMMISSIONER**

The plaintiff filed the present action on January 3, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for disability insurance benefits and disabled widow's benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a paper that was construed as a motion for summary judgment to reverse the decision of the Commissioner. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on November 13, 2008 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be denied, and the case be remanded to the Commissioner for further proceedings. The defendant filed timely objections to the recommendation. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation and the defendant's objections and has made a *de novo* review of the administrative record in light of the parties'

submissions. In its objections, the defendant challenges the magistrate judge's conclusion that substantial evidence did not support the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled, focusing on the argument that the magistrate judge improperly rejected the ALJ's credibility finding. The defendant also argues that the magistrate judge erred when she concluded that there was insufficient evidence to determine whether the plaintiff retained the ability to meet the exertional requirements of light work.

The plaintiff, who is currently fifty-five years old, applied for disability insurance benefits and disabled widow's benefits on January 27, 2005. She has a tenth grade education, and has worked as a grocery store clerk, a baker, a crossing guard, and a grill cook in a fast food restaurant. She has worked for several years each at various jobs since 1972 with a ten-year break in her employment history from 1976 to 1986.

The plaintiff last worked on December 17, 2004, when she was in an automobile accident on her way home from work. Her ankle was fractured in the accident, and surgery was performed twelve days later to reduce the fracture and insert pins. She participated in physical therapy over an year after the accident and has been using a cane when walking.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On February 27, 2007, she appeared before administrative law judge (ALJ) Michael F. Wilenkin. ALJ Wilenkin filed his decision on April 18, 2007, in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since December 14, 2004 (step one); the plaintiff suffers from status post-fracture of the right ankle, which was "severe"

within the meaning of the Social Security Act (step two); this impairment does not meet or equal a listing in the regulations (step three); and the plaintiff could not perform her previous work, which was light to medium in exertion and semi-skilled in nature.

Applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform work activities with the following restrictions: an option to sit for six of eight hours; an option to stand or work two of eight hours with the option of sitting or standing; and allowing her to elevate her right foot two to three times during the work day; and lift up to twenty pounds occasionally and ten pounds frequently. A vocational expert testified that several jobs fit within these limitations, including inspector, sorter, packager, and assembler. Based on that finding and using Medical Vocational Rule 202.11 and 202.12 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on December 3, 2007.

Although the plaintiff was represented by counsel at the administrative level, she appears in this Court *pro se*. The magistrate judge generously construed her filing as a motion for summary judgment but rejected the suggestion that new evidence (consisting of the plaintiff's statement indicating that her condition possibly has worsened since the hearing) required the case to be remanded for further consideration. However, the magistrate judge was critical of the ALJ's determination that the plaintiff can lift up to 20 pounds occasionally and 10 pounds frequently. The plaintiff testified that she can lift only 5 pounds, and there is no other indication in the record that she is able to lift more than that after the automobile accident. The ALJ made a finding that the plaintiff's testimony was not fully credible, but he did not tie that finding to the plaintiff's stated

exertional limitation or identify any evidence in the record from which a contrary inference might be drawn. The magistrate judge believed it appropriate to remand the case to the ALJ for further findings.

In its objections, the defendant points out that the ALJ did discuss some of the factors set forth in 20 C.F.R. § 404.1529(c)(3) and *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994), when assessing the plaintiff's credibility. The defendant also argues that the ALJ reviewed the sparse medical evidence, from which one reasonably could infer that the plaintiff was cleared to return to work, at which the plaintiff reported having lifted 25 pounds frequently. The defendant then states: "The ALJ also explained that no one, except Plaintiff, suggested that Plaintiff could not perform the lifting requirements of light work (Tr. 21)." Def.'s obj. at 3-4. The problem with that argument is that it is not supported by the citation to the record. In fact, the ALJ never discussed the plaintiff's lifting restrictions in his decision, except to make a RFC finding that is untethered to the record evidence.

Of course, the standard of review of an ALJ's decision is deferential, and the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its

weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotes and citations omitted); *see also Laskowski v. Apfel,* 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000). If the Commissioner's determination is not supported by substantial evidence on the whole record, the administrative decision must be reversed and the case remanded for further action. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 242-43 (6th Cir. 2002).

There is not much in the record that establishes that plaintiff's ability to lift. There are no treating doctor's notes, state agency evaluations, or independent assessments. In fact, there really is nothing except the plaintiff's own testimony. Under 20 C.F.R. § 404.1529(b), the plaintiff must establish an underlying medical condition, and then show either (1) that objective medical evidence confirms the severity of the alleged pain arising from the condition, or (2) the medical condition, objectively determined, is at a level of severity which can reasonably be expected to give rise to the alleged pain. If the plaintiff satisfies this burden, the ALJ must then evaluate the intensity and persistence of the plaintiff's pain symptoms in light of objective medical evidence including the activity which precipitates or aggravates the plaintiff's symptoms, the plaintiff's daily activities, the intensity and duration of her symptoms, and medications, treatment and other means to relieve the symptoms. 20 C.F.R. § 404.1529(c).

The ALJ concluded, however, that the plaintiff overstated her disability due to pain and therefore he discounted her testimony. In evaluating a claimant's complaints, the ALJ quite properly may consider the claimant's credibility. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981). In assessing the credibility of a witness, personal observations are important. In fact, it is one of the reasons underlying the preference for live testimony. *See* 2 *McCormick on Evidence* § 245, at 94 (4th ed.

1992); *cf. Ohio v. Roberts,* 448 U.S. 56, 63-64 (1980), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). Thus, an ALJ, who has observed a witness' demeanor while testifying, should be afforded deference when his credibility findings are assessed. *See Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *Villarreal v. Sec'y of Health & Human Servs.,* 818 F.2d 461, 463 (6th Cir. 1987). The Court is not obliged to accept an ALJ's assessment of credibility, however, if the finding is not supported by substantial evidence. *Beavers v. Sec'y of Health, Educ. & Welfare,* 577 F.2d 383, 386-87 (6th Cir. 1978).

When a claimant's testimony is rejected on the ground that credibility is lacking, the ALJ is obligated to explain in some detail the reasons that led to the rejection. The Sixth Circuit explained:

> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

*Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (footnote omitted); *see also Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) ("In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is 'substantial' only when considered in isolation. It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.") (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984))).

The ALJ's finding concerning the plaintiff's lifting capacity is important to the decision in this case because it bears directly on her ability to perform light work. According to 20 C.F.R. § 404.1567(b), "light work"

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

If the plaintiff cannot lift the weight called for in the regulation, she may not be able to perform the limited range of this type of work, and the vocational expert's decision may not be supported by substantial evidence. The plaintiff may be able to perform a limited range of sedentary work (although that requires the ability to lift ten pounds, 20 C.F.R. § 404.1567(a)), but if that were the case, she must be evaluated by grid rule 201.10, which applies to a person who can perform a full range of sedentary work and directs a finding of "disabled" for the plaintiff because she has reached her 50th birthday. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.10.

The Court agrees with the magistrate judge that the ALJ's determination of the plaintiff's lifting restriction is not explained adequately and requires further review.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #14] and the defendant's motion for summary judgment [dkt. #15] are **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED**, and the matter is **REMANDED** to the Commission for further proceedings consistent with this opinion.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 23, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2009.

s/Lisa M. Ware
LISA M. WARE